**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RICKY DAVIS,

    Plaintiff,

v.

LINDA SKOOG, ERIC RODGERS,
DAVID E. PHILLIPS, DAVID SUMNER,
BILLY PROFITT, RONALD CASSA,
and HAROLD WHITE,

    Defendants.
                             /

CASE NO. 07-CV-12860

DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED IN PART** for failure to state a claim upon which relief may be granted.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Ricky Davis is a state prisoner who is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. On July 10, 2007, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by several employees of the Michigan Department of Corrections while he was incarcerated at the Parnall Correctional Facility in 2006.

On July 12, 2007, Plaintiff's application to proceed without prepayment of fees was granted by U.S. Magistrate Judge R. Steven Whalen pursuant to the *in forma pauperis* statute. *See* 28

U.S.C. § 1915(a)(1). On July 19, 2007, U.S. District Judge George Caram Steeh referred all pretrial matters to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

**B.    Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its

supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

C. **Discussion**

1. **Defendants Rodgers, White & Cassa**

Plaintiff states that Defendant Eric Rodgers is employed as a "Corrections Shift Supervisor 2" at the Parnall Correctional Facility. (Compl. ¶ 10.) The sole allegation in the complaint against Defendant Rodgers is that, on August 3, 2006, he failed to intervene or protect Plaintiff from being verbally abused by a corrections officer who told Plaintiff to "shut the f*** up and do what I tell you." (Compl. ¶¶ 18-19.)

Plaintiff alleges that Defendant White, warden of the Parnall facility, is guilty of *respondeat superior* liability because he "was fully aware" that Plaintiff was being denied drinking water, showers, and baths for six days and "personally acted to not intercede and cover-up the situation." (*Id.* ¶ 23.)

With regard to Defendant Cassa, a "line-level supervisor," Plaintiff claims that he knowingly permitted Defendant Skoog to deny baths and showers to Plaintiff. (*Id.* ¶ 26.)

I suggest that Plaintiff has failed to state a claim against Defendants Rodgers, White, and Cassa. It is beyond dispute that liability under § 1983 must be based on active unconstitutional behavior, not on a failure to act. *See Green v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998) (liability must be based upon active unconstitutional behavior). *See also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (stating that to establish personal liability of a government official under § 1983, a plaintiff must show that the official *caused* the deprivation of a federal right). Here, where Plaintiff claims that Defendants Rodgers, White, and Cassa failed to act or intervene in various situations, I suggest that Plaintiff has not alleged that these defendants caused the violation of his federal rights and therefore I recommend that these three defendants be *sua sponte* dismissed from the case.

2. **Defendants Skoog and Profitt**

Plaintiff asserts that Defendant Linda Skoog is a Resident Unit Manager ("RUM") at the Parnall Correctional Facility. (*Id.* ¶ 9.) He claims that she issued a directive that caused him to not be able to launder his clothing on September 3, 2006, during an outbreak of Methacillin Resistant Staphylcoccus Auerus ("MRSA") (*id.* ¶ 20), and that she placed him "at odds" with another prisoner by indicating that they had written statements against each other and by reading those statements aloud to each prisoner in front of other staff. (*Id.* ¶ 21.) Plaintiff claims that Defendant Skoog's conduct rose to the level of wrongful endangerment as well as cruel and unusual punishment. (*Id.*)

With regard to Defendant Billy Profitt, a Resident Unit Officer ("RUO") at the Parnall facility, Plaintiff alleges that on August 29, 2006, Defendant Profitt locked Plaintiff in his cell

during a time of excessive heat and denied him access to drinking water, thus endangering his life. (*Id*. ¶ 22.)

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted." U.S. Const. amend VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Liberally construing Plaintiff's complaint as required, I suggest that Plaintiff has stated a claim against both Defendant Skoog and Defendant Profitt under the Eighth Amendment standard set forth above. He claims that they knowingly engaged in actions which subjected him to a substantial risk of serious harm, and therefore I suggest that the complaint be served upon Defendants Skoog and Profitt.

### 3. Defendants Phillips and Sumner

Plaintiff asserts that Defendant David Phillips, a Resident Unit Officer ("RUO") at the Parnall facility, violated the Michigan statute prohibiting malicious prosecution by issuing Plaintiff a prison major misconduct ticket for being out of place. (*Id*. ¶ 24.) Plaintiff further alleges that Defendant David Sumner, also an RUO, mislead the administrative hearings officer by charging Plaintiff with major misconduct for being temporarily out of place. (*Id.* ¶ 25.)

I suggest that Plaintiff has failed to state a claim against Defendants Phillips and Sumner, because even applying a liberal construction to the claims, the complaint does not allege that these defendants violated Plaintiff's rights under any federal law or statute, as Plaintiff does not contend that he was wrongfully charged with misconduct or that he was not afforded an opportunity to

5

plead his case at an administrative hearing on the charges. Thus, I suggest that Defendants Phillips and Sumner be *sua sponte* dismissed.

    **4.**     **Conclusion**

Accordingly, pursuant to the screening mandated by federal law, I suggest that all claims against Defendants Rodgers, White, Cassa, Phillips, and Sumner be *sua sponte* dismissed and that the complaint be served only on Defendants Skoog and Profitt.

**III.**     <u>**REVIEW**</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                         s/ *Charles E Binder*
                                                          CHARLES E. BINDER
Dated: September 28, 2007                       United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Report and Recommendation was electronically filed this date, served on Ricky Lee Davis by first class mail, and served on District Judge Steeh in the traditional manner.


Date:  September 28, 2007                By     s/Jean L. Broucek
                                                              Case Manager to Magistrate Judge Binder