UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY DAVIS,

          Plaintiff,

vs.

          Case No. 07-CV-12860

          HON. GEORGE CARAM STEEH

LINDA SKOOG, ERIC RODGERS,
DAVID E. PHILLIPS, DAVID SUMNER,
BILLY PROFITT, RONALD CASSA, and
HAROLD WHITE,

          Defendants.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Ricky Davis brought this 42 U.S.C. § 1983 suit against prison officials complaining about their alleged misconduct during his incarceration at the Parnell Correctional Facility in 2006. Because Davis is proceeding in forma pauperis, this matter was reviewed by Magistrate Judge Charles E. Binder to determine if service should be ordered on the defendants, or whether they should be dismissed sua sponte for failure to state a claim. Having carefully considered the complaint, Magistrate Judge Binder recommends dismissing five of the named defendants for failure to state a claim - Eric Rodgers, Harold White, Ronald Cassa, David E. Phillips, and David Sumner - and ordering service on the two remaining defendants - Linda Skoog and Billy Profitt. Plaintiff has filed objections and a motion to amend the complaint. Defendants have not been served yet and have not filed an appearance in the action.

BACKGROUND

On July 10, 2007, Davis filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that seven employees of the Michigan Department of Corrections engaged in misconduct against him. Specifically, he alleges Skoog prevented him from doing his laundry despite a known outbreak of methacillin resistant staphylcoccus auerus, and accused him of being a "snitch" in front of other prisoners which allegedly put him in harm's way. Davis accuses Profitt of locking him his cell during excessive heat and denying him access to drinking water and bathing. Davis alleges that Rodgers allowed him to be berated by another corrections officer without intervening. Furthermore, Davis alleges that White, the prison warden, and Cassa, a line-level supervisor, knew that he was being denied drinking water and bathing for a period of six days and failed to intervene. Davis alleges that Phillips violated the Michigan statute prohibiting malicious prosecution by issuing Davis a prison major misconduct ticket for being out of place. Finally, Davis accuses Sumner of misleading the administrative hearings officer by charging plaintiff with major misconduct for being temporarily out of place.

On July 19, 2007, this court referred this matter to Magistrate Judge Binder for all pretrial matters. Judge Binder screened this case pursuant to 28 U.S.C. § 1915A, § 1915em and § 1997e(c)(1), and determined that all defendants, except for Skoog and Profitt, should be dismissed for Davis' failure to state a claim. In reviewing the complaint, Judge Binder noted that he liberally construed the complaint and held it to a lower standard that a similar pleading drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972), Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). Despite

2

the low threshold, Judge Binder recognized that the complaint must contain more than legal labels, conclusions, and a recitation of the elements of a cause of action, but must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007).

Judge Binder recommends the sua sponte dismissal of defendants Rodgers, White, and Cassa on the grounds that they were not alleged to have actively violated Davis' constitutional rights, but were accused solely of failing to act. Such conduct does not give rise to liability under § 1983. See Green v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); Salehpour v. Univ. of Tenn., 159 F.3d 199, 206 (6th Cir. 1998), cert. denied, 526 U.S. 1115 (1999).

Judge Binder further recommends that Davis' claims against prison employees Skoog and Profitt survive dismissal because he has pled Eighth Amendment violations. In order to state a claim under the Eighth Amendment, a plaintiff must show "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). Davis alleged specific facts in support of his Eighth Amendment claim as to both Skoog and Profitt. Specifically, he accused Skoog of preventing him from doing laundry during an outbreak of a staph infection, accused him of snitching on another prisoner in front of that prisoner thus, allegedly endangering him. He also accuses Profitt of locking him in his cell during a period of excessive heat and denying him access to drinking water. Taking all of these allegations as true, Judge Binder did not find the claims to be so frivolous as to require sua sponte dismissal, and thus, he recommends that the complaint be served on

3

defendants Scroog and Profitt.

Finally, Judge Binder recommends that defendants Phillips and Sumner be dismissed for Davis' failure to state a claim against them. Davis alleged that the two were liable for charging him with being out of place. Phillips issued Davis a prison major misconduct ticket for being out of place and Sumner allegedly misled the administrative hearings officer by charging him with major misconduct for being temporarily out of place. Because Davis does not allege that these charges of misconduct violate the Constitution or any federal law or statute, Judge Binder recommends dismissal of these defendants.

## ANALYSIS

Now before the court are Davis' objections to the report and recommendation of Judge Binder. Davis also has filed a motion to amend complaint which is pending before Magistrate Judge Binder as all pretrial matters have been assigned to him. For the first time, in his objections, Davis accuses Sumner of assaulting him and using excessive force against him. (Objections, ¶ 2). These allegations were not part of his original complaint. In his objections, Davis argues that in retaliation for exercising his First Amendment right to seek redress of grievances, defendants took his legal papers and caused him to lose his prison job. (Objections, ¶ 4). He further alleges that he was "directly assaulted, thrown in the hole, gravely mistreated while being isolated, and having false misconduct charges brought, all in retaliation for the grievances alleged and filed with the MDOC." (Objections, ¶ 8). He also claims that "MDOC employees have pilfered [his] property repeatedly, and resulting in the loss of all the numerous greivance [sic] and responses." Id. (Objections, ¶ 5). He objects to the report and

4

recommendation on the grounds that he can prove some overall conspiracy by the defendants to retaliate against him for filing grievances. (Objections, ¶ 5). None of these allegations are in the original complaint.

In sum, all of Davis' objections to the report and recommendation are new allegations of alleged misconduct on the part of prison officials which are not part of his complaint. Davis attempts to avoid dismissal of claims by seeking to amend the complaint. That motion to amend is not part of this court's review of Magistrate Judge Binder's report and recommendation. That motion will be decided by Judge Binder as all pretrial matters have been assigned to him. Thus, this court reviews Judge Binder's report and recommendation with respect to the original complaint only. Construing the original complaint in the light most favorable to Davis, this court must agree with Judge Binder's recommendation that Rodger, White, Cassa, Phillips, and Sumner be dismissed and that Skoog and Profitt shall be served.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Binder's Report and Recommendation (docket #5) hereby is ACCEPTED as the findings of this court.

IT IS FURTHER ORDERED that defendants Rodgers, Phillips, Cassa, White, and Sumner hereby are DISMISSED.

IT IS FURTHER ORDERED that the complaint be served on Skoog and Profitt.

SO ORDERED.

Dated: February 15, 2008

                                            s/George Caram Steeh
                                            GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on

February 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee

Deputy Clerk

---