**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICKY DAVIS,

    Plaintiff,

CASE NO. 07-CV-12860

v.

DISTRICT JUDGE GEORGE CARAM STEEH
MAGISTRATE JUDGE CHARLES E. BINDER

LINDA SKOOG and
BILLY PROFITT,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO RULE 41(b) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE FOR WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.    REPORT**

Plaintiff Ricky Davis was a state prisoner when he filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on July 10, 2007. The verified complaint alleges that Plaintiff's constitutional rights were violated by several employees of the Michigan Department of Corrections ("MDOC") while he was incarcerated at the Parnall Correctional Facility in 2006. According to the MDOC's Internet website, Plaintiff was discharged from incarceration on March 23, 2008. *See* <http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=245698>. Plaintiff provided the Court with his new mailing address, and he submitted a new application to proceed *in forma pauperis* ("IFP") as required. (Dkt. 16.) IFP status was granted. (Dkt. 17.)

On July 19, 2007, U.S. District Judge George Caram Steeh referred all pretrial matters in this case to the undersigned magistrate judge. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), a Report and Recommendation ("R&R") issued recommending the *sua sponte* dismissal of all defendants other than Corrections Officers Linda Skoog and Billy Proffitt. The R&R was adopted by Judge Steeh on February 15, 2008, (Dkt. 8), and the complaint was served on Defendants Skoog and Profitt.

Defendants Skoog and Profitt filed a Motion for Summary Judgment on May 5, 2008, and Plaintiff was notified that his response to the motion was due by June 6, 2008. (Dkt. 19.) Plaintiff did not file a response. On September 5, 2008, Plaintiff was ordered by the Court to file a response to the motion no later than October 3, 2008. (Dkt. 20.) In the Order, Plaintiff was informed and warned as follows:

> In managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendants' rights to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). *See also Stigger v. Gilless*, No. 96-6605, 1997 WL 778523 (6th Cir. Dec. 8, 1997) (unpublished) (affirming district court's dismissal of prisoner civil rights suit for failure to prosecute where plaintiff failed to respond to defendants' summary judgment motion after being ordered to do so and being warned that any further delay or contumacious conduct would result in dismissal).
>
> Accordingly, IT IS ORDERED that Plaintiff file a response to Defendants' Motion for Summary Judgment on or before OCTOBER 3, 2008. If Plaintiff fails to do so, a Report and Recommendation will issue recommending that the case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b).

(Order, Dkt. 20 at 1-2.)

Plaintiff has not responded to the Court's order, despite being specifically warned that any further delay would result in dismissal. Accordingly, pursuant to Rule 41(b), it is recommended that the case be dismissed with prejudice for failure to prosecute because Plaintiff has not complied with the rules and order of this Court.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                        s/ *Charles E Binder*
                                                       CHARLES E. BINDER
Dated: October 23, 2008                        United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Julia Bell, served by first class mail on Ricky Davis at 640 Columbus St. Benton Harbor, MI, 49022-4926, and served on District Judge Steeh in the traditional manner.

Date: October 23, 2008                                 By     s/Jean L. Broucek
                                                                   Case Manager to Magistrate Judge Binder